Stanley W. Parry, Esq., Nevada Bar No. 1417
Jacob D. Bundick, Esq., Nevada Bar No. 9772
BALLARD SPAHR LLP
100 N. City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
parrys@ballardspahr.com
bundickj@ballardspahr.com

Matthew L. Moncur, Esq. (*Admitted Pro Hac Vice*)
BALLARD SPAHR LLP
Utah One Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
moncurm@ballardspahr.com

Attorneys for Plaintiff
PMA MEDIA GROUP, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PMA MEDIA GROUP, INC., a Utah Corporation,<br><br>Plaintiff,<br>vs.<br><br>RAPID RESPONSE MARKETING, LLC, a Nevada Limited Liability Company, KEVIN DE VINCENZI, an individual; DOES I through X; and ROE CORPORATIONS XI through XX,<br><br>Defendants. | CASE NO.: 2:10-cv-0058-JCM-RJJ<br><br>**ANSWER TO COUNTERCLAIM AND THIRD PARTY COMPLAINT** |
| RAPID RESPONSE MARKETING, LLC, a Nevada limited liability company,<br><br>Counter-Claimant and<br>Third-Party Plaintiff,<br><br>and<br><br>KEVIN DE VINCENZI, an individual,<br><br>Counter-Claimant, | |

DMWEST #7475340 v1

1  v.

2  PMA MEDIA GROUP, INC., a Utah corporation,

3

4  Counter-Defendant,

5  and

6  STEPHEN SCANLON, an individual,

7  Third-Party Defendant.

PMA Media Group, Inc. ("PMA") and Stephen Scanlon ("Scanlon") hereby respond to the Counterclaim and Third Party Complaint of Rapid Response Marketing, LLC ("RRM") and Kevin De Vincenzi ("De Vincenzi") as follows.

## INTRODUCTION AND PARTIES

1. PMA and Scanlon deny the allegations set forth in paragraph 1.

2. PMA and Scanlon admit the allegations set forth in paragraph 2.

3. PMA and Scanlon admit that PMA is a marketing company that provides its clients with sales leads generated from internet marketing campaigns. PMA and Scanlon further admit that PMA's principal place of business is located in Provo, Utah. PMA and Scanlon deny the remaining allegations of paragraph 3.

4. PMA and Scanlon admit that Scanlon is an individual residing in the State of Utah and an officer of PMA. PMA and Scanlon deny the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. PMA and Scanlon state that because the allegations of paragraph 5 state a legal conclusion, no response is necessary.

6. PMA and Scanlon state that because the allegations of paragraph 6 state a legal conclusion, no response is necessary.

BALLARD SPAHR LLP
100 N. CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4614
(702) 471-7000 FAX (702) 471-7070

# FACTS

7.  PMA and Scanlon are without sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Counterclaim and Third-Party Complaint and, therefore, deny the same and require strict proof thereof.

8.  PMA and Scanlon deny the allegations set forth in paragraph 8.

9.  PMA and Scanlon deny the allegations set forth in paragraph 9.

10. PMA and Scanlon are without sufficient knowledge to admit or deny the allegations contained in paragraph 10 of the Counterclaim and Third-Party Complaint and, therefore, deny the same and require strict proof thereof.

11. PMA and Scanlon deny the allegations set forth in paragraph 11.

12. PMA and Scanlon deny the allegations set forth in paragraph 12.

13. PMA and Scanlon state that the agreements pursuant to which RRM provided lead generation services to PMA are written agreements that speak for themselves, and denies any characterization of those agreements inconsistent with their terms.  PMA and Scanlon deny the remaining allegations of paragraph 13.

14. PMA and Scanlon state that the Master Advertising Agreement executed on June 26, 2008 speaks for itself and deny any characterization thereof inconsistent with its terms.  PMA and Scanlon deny the remaining allegations of paragraph 14.

15. PMA and Scanlon state that the Master Advertising Agreement executed on June 26, 2008 speaks for itself and deny any characterization thereof inconsistent with its terms.  PMA and Scanlon deny the remaining allegations of paragraph 15 and its subparts.

16. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 16.

17. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 17.

18. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 18.

19. PMA and Scanlon state that PMA made a payment in the amount of $253,312 to RRM on January 16, 2009, which payment was made under protest as a result of PMA's claims against RRM as set forth in its Complaint. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 19.

20. PMA and Scanlon state that the communications referred to in paragraph 20 speak for themselves and denies RRM and De Vincenzi's characterization thereof. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the remaining allegations of paragraph 20.

21. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 21.

22. PMA and Scanlon deny that PMA has breached any contract with RRM, deny that Scanlon or anyone acting on behalf of PMA has made false statements to any third party, and deny the allegations of paragraph 22.

23. PMA and Scanlon deny that PMA has breached any contract with RRM, deny that Scanlon or anyone acting on behalf of PMA has made false statements to any third party, and deny the allegations of paragraph 23.

24. PMA and Scanlon deny that PMA has breached any contract with RRM, deny that Scanlon or anyone acting on behalf of PMA has made false statements to any third party, and deny the allegations of paragraph 24.

25. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 25.

26. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 26.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT AGAINST PMA ONLY)

27. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 26 above as though fully set forth herein.

28. PMA and Scanlon state that the Master Advertising Agreement executed on June 26, 2008 speaks for itself and deny any characterization thereof inconsistent with its terms. PMA and Scanlon deny the remaining allegations of paragraph 28.

29. PMA and Scanlon deny that PMA has breached any contract with RRM and deny the allegations of paragraph 29.

30. PMA and Scanlon deny the allegations of paragraph 30.

## SECOND CAUSE OF ACTION

## (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST PMA AND S. SCANLON)

31. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 30 above as though fully set forth herein.

32. PMA and Scanlon are without sufficient knowledge to admit or deny the allegations contained in paragraph 32 of the Counterclaim and Third-Party Complaint and, therefore, deny the same and require strict proof thereof.

33. PMA and Scanlon deny the allegations of paragraph 33.

34. PMA and Scanlon deny the allegations of paragraph 34.

35. PMA and Scanlon deny the allegations of paragraph 35.

36. PMA and Scanlon deny the allegations of paragraph 36.

37. PMA and Scanlon deny the allegations of paragraph 37.

## THIRD CAUSE OF ACTION

## (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST PMA AND S. SCANLON)

38. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 37 above as though fully set forth herein.

39. PMA and Scanlon are without sufficient knowledge to admit or deny the allegations contained in paragraph 39 of the Counterclaim and Third-Party Complaint and, therefore, deny the same and require strict proof thereof.

40. PMA and Scanlon deny the allegations of paragraph 40.

41. PMA and Scanlon deny the allegations of paragraph 41.

42. PMA and Scanlon deny the allegations of paragraph 42.

43. PMA and Scanlon deny the allegations of paragraph 43.

## FOURTH CAUSE OF ACTION

## (TRADE LIBEL AGAINST PMA ONLY)

44. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 43 above as though fully set forth herein.

45. PMA and Scanlon deny the allegations of paragraph 45.

46. PMA and Scanlon deny the allegations of paragraph 46.

47. PMA and Scanlon deny the allegations of paragraph 47.

48. PMA and Scanlon deny the allegations of paragraph 48.

49. PMA and Scanlon deny the allegations of paragraph 49.

## FIFTH CAUSE OF ACTION

## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST PMA ONLY)

50. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 49 above as though fully set forth herein.

Ballard Spahr LLP
100 N. City Parkway, Suite 1750
Las Vegas, Nevada 89106-4614
(702) 471-7000 FAX (702) 471-7070

51. PMA and Scanlon state that the Master Advertising Agreement executed on June 26, 2008 speaks for itself and deny any characterization thereof inconsistent with its terms. PMA and Scanlon deny the remaining allegations of paragraph 51.

52. PMA and Scanlon deny the allegations of paragraph 52.

53. PMA and Scanlon deny the allegations of paragraph 53.

## SIXTH CAUSE OF ACTION

## (FOR AN ACCOUNTING AGAINST PMA ONLY)

54. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 53 above as though fully set forth herein.

55. PMA and Scanlon deny the allegations of paragraph 55.

56. PMA and Scanlon deny the allegations of paragraph 56.

## SEVENTH CAUSE OF ACTION

## (DECLARATORY JUDGMENT AGAINST PMA ONLY)

57. PMA and Scanlon incorporate by reference their responses to paragraphs 1 through 56 above as though fully set forth herein.

58. PMA and Scanlon deny the allegations of paragraph 58.

59. PMA and Scanlon deny the allegations of paragraph 59.

60. PMA and Scanlon deny the allegations of paragraph 60.

61. As a separate defense, PMA and Scanlon deny each and every allegation of the Counterclaim and Third-Party Complaint other than those admitted in paragraphs 1-60 above.

## **AFFIRMATIVE DEFENSES**

1. The Counterclaim and Third-Party Complaint fails to state a claim upon which relief can be granted.

2. PMA and Scanlon are informed and believe, and upon such information and belief allege, that RRM and De Vincenzi's alleged damages, if any, are the result, in whole or in part, of their own failure to exercise care to reduce or mitigate their damages.

3.   PMA and Scanlon did not commit any acts of oppression, fraud or malice, express or implied, as set forth in the Counterclaim and Third-Party Complaint.

4.   PMA and Scanlon are informed and believe, and upon such information and belief allege, that RRM and De Vincenzi's are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and acquiescence.

5.   RRM and De Vincenzi have suffered no harm as a result of PMA and Scanlon's conduct and therefore, are not entitled to relief.

6.   RRM and De Vincenzi's claims are barred by their own wrongful conduct, as set forth in PMA's complaint.

7.   RRM and De Vincenzi are not entitled to relief because no false statements have been made by PMA and Scanlon.

8.   PMA and Scanlon assert and allege that they have, or may have, additional affirmative defenses which are not yet known but which may become known through future discovery.  PMA and Scanlon assert each and every defense as may be ascertained through future discovery herein.

WHEREFORE, PMA and Scanlon pray for judgment on the Counterclaim and Third-Party Complaint as follows:

1.   That RRM and De Vincenzi take nothing by the Counterclaim and Third-Party Complaint and that it be dismissed with prejudice in its entirety;

2.   For reasonable attorney's fees incurred in defense of the Counterclaim and Third-Party Complaint;

3.   For costs of suit incurred in defense of the Counterclaim and Third-Party Complaint;

4.   For such other and further relief as the Court may deem just and proper.

Dated this 12th day of February 2010.

BALLARD SPAHR LLP


By: /s/ Matthew L. Moncur
Matthew L. Moncur, (*Admitted Pro Hac Vice*)
Utah One Center, Suite 800
201 South Main Street
Salt Lake City, Utah  841111-2221

Stanley W. Parry, Esq., NV Bar No. 1417
Jacob D. Bundick, Esq. NV Bar No. 9772
BALLARD SPAHR LLP
100 N. City Parkway, Suite 1750
Las Vegas, Nevada  89106

Attorneys for Plaintiff
PMA MEDIA GROUP, INC.