**Prepared and submitted by:**

Stanley W. Parry, Esq., Nevada Bar No. 1417
Daniel H. Stewart, Esq., Nevada Bar No. 11287
BALLARD SPAHR LLP
100 N. City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
parrys@ballardspahr.com
bundickj@ballardspahr.com

Matthew L. Moncur, Esq. (*Admitted Pro Hac Vice*)
BALLARD SPAHR LLP
Utah One Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
moncurm@ballardspahr.com

Attorneys for Plaintiff/Counter Defendant
PMA MEDIA GROUP, INC.

and

Third-Party Defendant
STEPHEN SCANLON

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PMA MEDIA GROUP, INC., a Utah Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>RAPID RESPONSE MARKETING, LLC, a Nevada Limited Liability Company, KEVIN DE VINCENZI, an individual; DOES I through X; and ROE CORPORATIONS XI through XX,<br><br>            Defendants. | CASE NO.:  2:10-cv-0058-JCM-RJJ<br><br>**STIPULATED PROTECTIVE ORDER** |
| RAPID RESPONSE MARKETING, LLC, a Nevada limited liability company,<br><br>Counter-Claimant and<br>Third-Party Plaintiff, | |

BALLARD SPAHR LLP
100 N. CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4614
(702) 471-7000 FAX (702) 471-7070

DMWEST #7623125 v1

| | |
|---|---|
| 1 | and |
| 2 | KEVIN DE VINCENZI, an individual, |
| 3 | Counter-Claimant, |
| 4 | |
| 5 | v. |
| 6 | PMA MEDIA GROUP, INC., a Utah corporation, |
| 7 | Counter-Defendant, |
| 8 | and |
| 9 | STEPHEN SCANLON, an individual, |
| 10 | Third-Party Defendant. |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff/Counter Defendant, PMA MEDIA GROUP, INC.; Defendant/Counter-Claimant/Third-Party Plaintiff, RAPID RESPONSE MARKETING, LLC; Defendant/Counter-Claimant, KEVIN DE VINCENZI; and Third-Party Defendant, STEPHEN SCANLON, (collectively the "Parties") hereby submit this proposed Stipulated Protective Order (the "Order") for the purpose of ensuring that the confidential and private information of the Parties is not disclosed by any party or third party in connection with this action, whether pursuant to compulsory process or voluntarily. Accordingly, the Parties, by their undersigned counsel, hereby stipulate as follows:

**A.     Definitions and Terms**

As used in this Order, the following definitions and terms shall apply:

1.     "Confidential Information" means any information that a designating party reasonably believes not to be in the public domain and reasonably believes contains any private financial or other confidential and/or sensitive information that, if disclosed, would materially affect the designating party's personal, business, commercial, or financial interests.

2. "Highly Confidential—Attorneys' Eyes Only Information" means any extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious injury to a designating party or a designating party's personal, business, commercial or financial interests.

3. "Parties" or "Party" mean(s) PMA Media Group, Inc., Rapid Response Marketing LLC., Kevin De Vincenzi, and Stephen Scanlon, and all their affiliates, partners, and joint ventures, as well as all present and former officers, members, managers, employees, agents, partners, representatives, and attorneys.

4. "Designating Party" means any Party or Protected Person that has designated a particular item of information as "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" under the terms of this Order.

5. "Counsel" means the counsel of record in this action and their law firms as well as (i) other attorneys or consultants employed or retained by such law firms; or (ii) any attorney subsequently retained or designated by any party to appear in this action.

6. "Protected Person" means any non-party that furnishes any information to any party, whether voluntarily or otherwise.

**B. Types of Material That May Be Designated Confidential**

Any information may be designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information under the terms of this Order. Such designation may be made by any Party or Protected Party, regardless of whether the Designating Party is the Party producing such information. Such designation shall constitute a representation to the Court that Counsel for the Designating Party believe in good faith that the material so designated constitutes Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, as those terms are defined by this Order.

**C. Designation of Information as Confidential**

1. Any documents, written materials, or electronically stored information produced in this action may be designated by the producing party (whether a Party or Protected Person) as Confidential Information or Highly Confidential—Attorneys' Eyes

Only Information by producing copies of the documents, material, or information stamped with the legends "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate. These legends shall be affixed to each page of the documents or materials containing such Confidential Information or Highly Confidential—Attorneys' Eyes Only Information and shall not interfere with the legibility of designated documents or materials. Alternatively, with respect to electronically stored information, the producing party (whether a Party or Protected Person) may specify in a separate written notice that such information is designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information.

2. A Party or Protected Person that makes original documents, materials, or electronically stored information available for inspection need not designate them for protection until after the inspecting Party has indicated which documents, materials, or electronically stored information it would like copied and produced. During the inspection and before the designation, all of the documents, materials, or electronically stored information made available for inspection shall be deemed Highly Confidential—Attorneys' Eyes Only Information. After the inspecting Party has identified the documents, materials, or electronically stored information that it wants copied and produced, the producing party (whether a Party or Protected Person) must determine which documents, materials, or electronically stored information, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, materials, or electronically stored information, affix the appropriate legend.

3. If any documents, written materials, or electronically stored information qualifying for protection under this Order are produced by any Party or Protected Person without designation as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, a non-producing Party may designate such documents, materials, or information as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information by providing a separate written notice to Counsel for each Party receiving

such documents, materials, or information within ten (10) business days of receipt of notice of the production.

4. Failure to designate any documents, materials, or information as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall not be deemed a waiver of the producing party's (whether a Party or Protected Person) claim of confidentiality as to such documents, materials, or information, and the producing party (whether a Party or Protected Person) may thereafter designate such documents, materials, or information as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information by providing a separate written notice to Counsel for each Party receiving such documents, materials, or information within ten (10) business days of discovering any such failure to designate.

### D. Challenges to Confidential Designations

1. If any Party disagrees with a confidential designation by a Designating Party, the parties to the dispute shall attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items for which a confidential designation is challenged shall continue to be treated as confidential pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the Designating Party bears the burden of persuading the Court that the information is Confidential Information or Highly Confidential—Attorneys' Eyes Only Information within the definition of those terms set forth above. In the case of a designation by a Protected Person, the Party contesting the confidential designation shall provide reasonable notice to the Protected Person that the matter has been referred to the Court.

2. Entering into, agreeing to, or complying with the terms of this Order shall not: (a) operate as an admission by any Party or Protected Person that any particular documents, materials, or electronically stored information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a Party at any time: (i) to seek a determination by the Court of whether any particular documents, materials, or electronically stored information should be

subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular documents, materials, or electronically stored information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

**E.  Deposition Procedures**

1. At any deposition, if a Party or Protected Person reasonably believes that the answer to a question will result in the disclosure of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information, the Party or Protected Person shall have the option to request that all persons, other than the reporter, Counsel, and individuals specified in Paragraphs D.5 and D.6, above, leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with such request shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

2, Any Party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as Confidential or Highly Confidential – Attorneys' Eyes Only by: (i) making such designation on the record during the deposition or hearing (in which case the court reporter shall affix the appropriate legend to the cover page and all designated pages of the transcript and all copies thereof); or (ii) informing Counsel for all other Parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any Party in possession of an original or copy of the transcript shall affix the appropriate legend to the cover page and all designated pages and exhibits).

**F.  Filing Under Seal**

1. Any pleading, motion, exhibit, or other paper filed with the Court that contains, discusses, or otherwise discloses Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall be filed under seal.  Where

possible, only confidential portions of filings shall be filed under seal. The Parties further agree to abide by the terms of any separately entered sealing order.

### G. Use of Confidential Information at any Hearing or Trial

1. The Parties shall confer and attempt to agree, before any hearing or trial, on the procedures under which Confidential Information or Highly Confidential—Attorneys' Eyes Only Information may be introduced into evidence or otherwise be used at any hearing or at trial. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Protected Person that produced any documents, materials, or electronically stored information designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information if any such information may be used or introduced at any such hearing or at trial. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information or Highly Confidential—Attorneys' Eyes Only Information at any such hearing or at trial upon reasonable notice to all Parties and Protected Persons who have produced such information.

### H. Procedures Upon Termination of Action

1. The termination of proceedings in the action shall not relieve any of the Parties from the obligation of maintaining the confidentiality of all Confidential Information and Highly Confidential—Attorneys' Eyes Only Information unless all of the Parties to the action agree otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

2. Within sixty (60) business days following the running of any applicable time to appeal any final order or ruling entered in this action, or within sixty (60) business days after all rights of appeal have been exhausted, the Parties shall, at their election, either (i) return to the Party or Protected Person who produced documents, materials, or electronically stored information designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information all copies of such documents, materials, or electronically stored information so designated, or (ii) certify to the Party or Protected

Person who produced documents, materials, or electronically stored information designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information that all such materials have been destroyed.

3. Nothing in this Order shall require any Party, person, or entity to return or destroy electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Any electronically stored information that has been designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information or that has been created or derived from other sources designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information shall remain confidential and subject to this Order to the extent it is not reasonably accessible because of undue burden or cost.

**I.    Non-Waiver of Privilege**

1. If information subject to a claim of attorney-client privilege or work product protection is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product protection for such information. If a Party has inadvertently produced information subject to a claim of privilege or protection, upon written request made by the producing Party within ten (10) business days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's assertion of privilege or protection. All copies of inadvertently produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving Party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving Party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

**J.     Inadvertent Disclosure of Confidential Information**

1.     The inadvertent production or disclosure of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information by a producing Party shall not constitute a waiver of any claim of confidentiality where (a) the producing Party notifies the receiving Party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the producing Party provides properly re-designated documents to the receiving Party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing Party's notice. Upon receipt of properly re-designated documents, the receiving Party shall return all unmarked or incorrectly designated documents to the producing Party within five (5) business days. All Parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure.

Upon learning that Confidential Information or Highly Confidential—Attorneys' Eyes Only Information has been inadvertently disclosed by a receiving Party to any person not authorized to receive them by this Order, the receiving Party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such documents or information and to bind such person to the terms of this Order; (c) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person to the Designating Party; and (d) request such person to sign the certification attached hereto as Exhibit A. The executed certification shall be served upon Counsel for the Designating Party within ten (10) business days of its execution by the person to whom the Confidential Documents or Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of this Discovery Order.

**K. Subpoena of Confidential Document or Confidential Information.** If at any time any Confidential Information or Highly Confidential—Attorneys' Eyes Only Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such information, the Party to

whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing.

**L.  Miscellaneous**

1. This Order shall not affect the right of any Party or Protected Person to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, including any applicable privileges, protections, or immunities.  Moreover, this Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.

2. Nothing in this Order shall prejudice the right of any Party or Protected Person to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected Protected Persons.

3. All persons governed by this Order, by reviewing Confidential Information or Highly Confidential—Attorneys' Eyes Only Information or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

**M.  Permissible Uses of Information**

1. All persons obtaining access to information produced in connection with this action shall use such information only for purposes of this action and shall not use such information for any other purpose, including the furtherance of that person's business interests or in any administrative or judicial proceeding.

2. Information designated as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information must be stored and maintained by all Parties in receipt

BALLARD SPAHR LLP
100 N. CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4614
(702) 471-7000 FAX (702) 471-7070

of such designated materials in a manner that ensures that access is limited to the persons authorized under this Order.

3. Nothing herein shall prevent disclosure of Confidential Information or Highly Confidential—Attorneys' Eyes Only Information with the written consent of counsel for the Designating Party.

4. Unless otherwise ordered by the Court or permitted in writing by Counsel for the Designating Party, a Party in receipt of information designated as Confidential Information may disclose such material only to:

(a) its Counsel in this action;

(b) the Court;

(c) personnel of any person within categories (a) and (b) for whom access to Confidential Information is necessary to assist such persons in this action, including any Court personnel, litigation assistants, paralegals, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing testimony in this action;

(d) its litigation support services, including outside copying services, retained by a Party for the purpose of assisting that Party in this action; and

(e) its managers, members, officers, directors, and employees, provided such persons have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(f) independent contractors, experts, consultants, or advisors who are employed or retained by, or on behalf of, any Party or Counsel to any Party to assist in preparation for trial.

5. Unless otherwise ordered by the Court or permitted in writing by Counsel for the Designating Party, a Party in receipt of information designated as Highly Confidential—Attorneys' Eyes Only Information may disclose such material only to:

(a) its Counsel in this Action;

(b) the Court; and

(c) personnel of any person within categories (a) and (b) for whom access to Highly Confidential—Attorneys' Eyes Only Information is necessary to assist such persons in this action, including any Court personnel, litigation assistants, paralegals, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing testimony in this action;

(d) independent contractors, experts, consultants, or advisors who are employed or retained by, or on behalf of, any Party or Counsel to any Party to assist in preparation for trial.

N. The Parties agree to be bound by the terms of this Stipulation pending entry of the Discovery Order by the Court.

Dated this 24TH day of AUG., 2010.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: AUGUST 24, 2010

APPROVED AS TO FORM:

By: /s/ Joel Z. Schwarz
    Bradley J. Richardson, Esq.
    Joel Z. Schwarz, Esq.
    GORDON SILVER
    3960 Howard Hughes Parkway, Ninth Floor
    Las Vegas, Nevada 89169-5978


By: /s/ Daniel Stewart
    Matthew L. Moncur, (*Admitted Pro Hac Vice*)
    Utah One Center, Suite 800
    201 South Main Street
    Salt Lake City, Utah 841111-2221

    Stanley W. Parry, Esq., NV Bar No. 1417
    BALLARD SPAHR LLP
    100 N. City Parkway, Suite 1750
    Las Vegas, Nevada 89106

ATTACHMENT A

AFFIDAVIT

STATE OF _____  )
                              :
COUNTY OF _____   )

1. My name is _____.

2. I am aware that the parties have stipulated to the entry of a Stipulated Protective Order ("Order"), dated _____, regarding the confidentiality of information and documents produced to the parties.

3. I promise that documents and information designated CONFIDENTIAL or ATTORNEYS EYES ONLY under the Order will be used by me only in assisting counsel in preparing for litigation of the above-referenced case and not for any business or other purpose whatsoever.

4. I understand that any use by me of documents or information designated CONFIDENTIAL or ATTORNEYS EYES ONLY under the Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Order, will subject me to the sanctions of the Court.

DATED this _____ day of _____, 20___.

_____
Witness

SUBSCRIBED AND SWORN to before me this ____ day of _____, 20___.

_____
NOTARY PUBLIC

**My Commission Expires:**                **Residing at:**
_____

BALLARD SPAHR LLP
100 N. CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4614
(702) 471-7000 FAX (702) 471-7070

DMWEST #7623125 v1

13

# **CLERK'S CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that on the ___ day of _____ 2010, a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** was served on the following in the manner set forth below:

| | |
|---|---|
| Bradley J. Richardson, Esq.<br>Joel Z. Schwarz, Esq.<br>GORDON SILVER<br>3960 Howard Hughes Parkway, Ninth Floor<br>Las Vegas, Nevada 89169-5978 | Stanley W. Parry, Esq.<br>Nevada Bar No. 1417<br>Daniel H. Stewart<br>Nevada Bar No. 11287<br>BALLARD SPAHR LLP<br>100 N. City Parkway, Suite 1750<br>Las Vegas, Nevada 89106 |
| Matthew L. Moncur<br> (*Admitted Pro Hac Vice*)<br>BALLARD SPAHR LLP<br>Utah One Center, Suite 800<br>201 South Main Street<br>Salt Lake City, Utah 841111-2221 | |

[ ]   Hand Delivery

[ ]   Facsimile Transmission

[X]   U.S. Mail, Postage Prepaid

[ ]   Certified Mail, Receipt No. _____,
       return receipt requested

_____
Clerk of the Court

DMWEST #7623125 v1                    14